IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| HELIX ELECTRIC OF NEVADA, LLC dba HELIX ELECTRIC, a Nevada limited liability company; and FIRST SOLAR ELECTRIC, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation; BOE INSURANCE COMPANIES I through X; DOES I through X; and ROE CORPORATIONS I through X, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-36 |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Helix Electric of Nevada, LLC d/b/a Helix Electric ("Helix") and First Solar Electric, LLC ("FSI"), collectively referred to in this First Amended Complaint (the "Complaint") as "Plaintiffs," hereby file this Complaint against Defendant Zurich American Insurance Company ("Zurich"), Boe Insurance Companies I through X, Does I through X, and Roe Corporations I through X ("Doe Defendants") (collectively "Defendants"), and through their undersigned counsel, allege as follows:

**PARTIES**

1.  Plaintiff Helix is a limited liability company organized under the laws of the State of Nevada, and is engaged in business as a contractor, with its principal place of business at 3078 East Sunset Rd., Suite 9, Las Vegas, NV 89120.

2. Plaintiff FSI is a limited liability company organized under the laws of the State of Delaware, and is engaged in business as a prime contractor with its principal place of business at 350 W. Washington St., Suite 600, Tempe, AZ 85281.

3. Plaintiffs are informed and believe that Defendant Zurich is a New York insurance company, with its headquarters at 1299 Zurich Way, Schaumburg, IL 60196-5870, and is licensed (License No. 95322), eligible, and registered to provide insurance in the State of Texas.

4. Plaintiffs do not know the true names of the individuals, corporations, partnerships, and entities sued and identified in fictitious names as Boe Insurance Companies I through X, Does I through X, and Roe Corporations I through X (collectively, "Doe Defendants"). Plaintiffs allege that such Doe Defendants are responsible for damages suffered by Plaintiffs as more fully discussed under the claims for relief set forth below. Plaintiffs will request leave of this Honorable Court to amend this Complaint to show the true names and capacities of each such fictitious Doe Defendant when Plaintiffs discover such information.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This lawsuit is brought pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201.

6. Further, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Defendant is a New York corporation with its principal place of business in Illinois. Plaintiff Helix is a Nevada limited liability company with its principal offices in Nevada. No members of Helix are citizens of New York or Illinois. Plaintiff First Solar is a Delaware limited liability company with its principal offices in New Jersey. No member of First Solar is a citizen of New York or Illinois.

7. The amount in controversy exceeds $75,000.00 as stated in this Complaint.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this Court and because a substantial part of the harm suffered occurred and is occurring in this District by reason of the facts set forth in this Complaint.

## FACTS

9.      On or about February 1, 2016, Zurich issued a policy of insurance (Policy No. MBR6552391-02-- the "Policy"), in favor of FSI (the Named Insured under the Policy) and Helix (an Additional Named Insured).

10.     Under the Subcontract entered into between FSI and Helix in early February 2016 (the "Subcontract") and applicable law:

      a.      Helix agreed to perform certain electrical and solar related work, materials and/or equipment (collectively, the "Work") at the East Pecos Solar Facility in Pecos County, Texas, which consisted of, among other things, the receipt, handling, and installation of solar panels (known as "Modules"), which were owned by FSI and delivered to and stored on the Project site (in wrapped pallets) in East Pecos;

      b.      Helix was required to reimburse FSI $300 for the replacement of any individual Module which might be damaged while in Helix's possession at the site prior to installation; and

      c.      Helix was to be paid FIFTY-NINE MILLION SEVEN HUNDRED EIGHTY-NINE THOUSAND THREE HUNDRED FORTY AND 50/100 DOLLARS ($59,789,340.50) for the Work, inclusive of amounts attributable to changed or additional work ("Revised Subcontract Price").

11. The Work was performed in East Pecos between February 2016 and March 2017.

12. During Helix's performance of the Work in East Pecos, the site of the Project was the subject of severe weather and flooding, which were insured events ("Insured Events").

13. Because of the Insured Events, the wrapping material of the pallets failed to hold the Modules securely, causing thousands of Modules to fall or slide from their pallets and to be irreparably damaged ("Damaged Modules"), requiring replacement by FSI at a cost of $3,150,192 ("Replacement Cost of the Damaged Modules").

14. Pursuant to Section 10.8.5 of the Scope of Work Exhibit to the Subcontract, FSI asserted and withheld (as an offset) from Helix's Revised Subcontract Price, the Replacement Cost of the Damaged Modules.

15. As a result, both FSI and Helix sustained losses totaling more than the Replacement Cost of the Damaged Modules.

16. Section III of the Policy (the Policy Conditions) provides that in the event of an Insured Event, the basis of adjustment of a claim at the time of loss shall be "the actual cost to repair or replace" the lost or damaged property. The Insured Event and resulting Damaged Modules was an insured peril and an "Occurrence" giving rise to an obligation by Defendant Zurich to pay the Plaintiffs no less than the Cost of the Damaged Modules.

17. While Defendant Zurich has paid Helix for certain losses relating to the Insured Event (including payments for additional labor and associated expenses), Defendant Zurich has yet to pay the Replacement Cost of the Damaged Modules to the Plaintiffs.

18. By partially compensating Helix for its losses, Zurich has acknowledged and agreed that the losses or damages sustained by the Plaintiffs because of the Insured Event constitute an insured peril.

19. Zurich asserts that because FSI's actual cost to replace the Damaged Modules is less than the Replacement Cost of the Damaged Modules set forth in the Subcontract, it will only pay the Plaintiffs such actual costs.

20. A justifiable controversy exists.

## RELIEF REQUESTED

21. Plaintiffs seek a declaration from this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, for a declaration:

    a. Construing the terms of the Policy issued by Defendant (Policy No. MBR6552391-02—the "Policy") and the Subcontract entered among the Plaintiffs; and

    b. Confirming that Plaintiffs are entitled to full payment of the full Cost of the Damaged Modules.

22. Specifically, but without limitation, Plaintiffs seek a declaratory judgment that the Policy obligates Defendants to compensate Plaintiffs for the Replacement Cost of the Damaged Modules, which damages are measured by the language set forth in the Subcontract.

## COUNT 1
## BREACH OF CONTRACT

23. Plaintiffs re-allege and incorporate by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

24. Defendants issued the Policy for the benefit of the Plaintiffs.

25. The Policy provides that Defendants would pay the Plaintiffs for an insured loss.

26. The Plaintiffs have fully performed all obligations required by the Policy.

27. Defendants have failed and refused to pay to the Plaintiffs the Replacement Cost of the Damaged Modules.

28. Defendant's non-performance constitutes a breach of the Policy.

29. As a direct and proximate result of the above alleged breach of the Policy by Defendants, the Plaintiffs have incurred and will incur costs and expenses and have suffered and will suffer direct, indirect, consequential, general, and special damages in a total amount currently unknown to the Plaintiffs, but which damages include all costs necessary to remedy the breach of the Policy by Defendants in an amount of at least the Replacement Cost of the Damaged Modules, plus all costs, interest and attorneys' fees.

## COUNT 2
## DECLARATORY JUDGMENT (By Helix)

30. Plaintiffs re-allege and incorporate by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

31. A real and substantial controversy exists as to the rights and status of the Parties with respect to the Policy and Plaintiff Helix's right to be fully compensated for the Replacement Cost of the Damaged Modules. This controversy can be resolved by this Court in the declaration sought herein.

32. Specifically, but without limitation, Plaintiff Helix respectfully asks this Court to rule that it is entitled to receive from Defendants (pursuant to the Policy and the Subcontract) the Replacement Cost of the Damaged Modules, which it paid to Plaintiff FSI, as Plaintiff FSI's actual cost to replace the Damaged Modules.

## COUNT 3
## DECLARATORY JUDGMENT (By FSI)

33. Plaintiffs re-allege and incorporate by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

34. A real and substantial controversy exists as to the rights and status of the Parties with respect to the Policy and Plaintiff FSI's right to be fully compensated for the Replacement Cost of the Damaged Modules. This controversy can be resolved by this Court in the declaration sought herein.

35. Specifically, but without limitation, Plaintiff FSI respectfully asks this Court to rule that it is entitled to receive from Defendants (pursuant to the Policy and the Subcontract) the Replacement Cost of the Damaged Modules, as Plaintiff FSI's actual cost to replace the Damaged Modules.

## ATTORNEYS' FEES

36. Plaintiffs re-allege and incorporate by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

37. Defendants have failed to tender the Replacement Cost of the Damaged Modules, as required by the Policy and the Subcontract.

38. Consequently, the Plaintiffs have retained The Chapman Firm, PLLC to represent them with respect to this breach of contract and declaratory judgment action, and have agreed to pay the firm reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees is authorized pursuant to TEX. CIV. PRAC. & REM. CODE §38.001.

39. In addition, the Plaintiffs pray for recovery of their reasonable and necessary attorney's fees for all post trial work in this case, including, but not limited to, Motions To Reconsider, Motions for New Trial, and hearings thereon, appeals to any Court of Appeal, appeal to the U.S. Supreme Court, and post-judgment collection of any judgment rendered in Plaintiffs' favor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that this Court grant Plaintiffs:

a. A declaration that the Plaintiffs are entitled to bring this Complaint.

b. A declaration that the Plaintiffs are entitled to an award of the Replacement Cost of the Damaged Modules;

c. Judgment against Defendants for the Replacement Cost of the Damaged Modules;

d. Pre-judgment interest at the highest rate allowed by law;

e. Post-judgment interest at the highest rate allowed by law;

f. Attorneys' fees;

g. Costs of court and other litigation expenses recoverable under the Policy;

h. Such other and further relief, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled.

Dated: October 17, 2018

Respectfully submitted,

THE CHAPMAN FIRM, PLLC

3410 Far West Blvd., Ste. 210
Austin, Texas 78731
(512) 872-3840
(512) 879-9033 facsimile
erik@chapmanfirmtx.com


By: /s/ Erik G. Moskowitz
    Erik G. Moskowitz
    State Bar No. 24089904

                **ATTORNEYS FOR PLAINTIFFS, Helix Electric of Nevada, LLC dba Helix Electric and First Solar Electric, LLC**